UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAURA JEAN CHAMPAGNE | : | CIVIL NO.: 3:19-CV-01640 |
|     Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| GOODWIN COLLEGE, INC | : | |
|     Defendant | : | NOVEMBER 12, 2019 |
| | : | |

## ANSWER TO COMPLAINT

Defendant, Goodwin College, Inc., hereby answers the Complaint filed by Plaintiff, Laura Jean Champagne, as follows. Any allegations not expressly admitted herein are denied.

1. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph No. 1, and therefore, leaves Plaintiff to her proof.

2. Defendant admits the allegations in Paragraph No. 2.

3. Defendant admits the allegations in Paragraph No. 3.

4. Defendant admits that it is "a recipient of federal funds." Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph No. 4, and therefore, leaves Plaintiff to her proof.

5. Defendant admits the allegations in Paragraph No. 5.

6. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph No. 6, and therefore, leaves Plaintiff to her proof.

7. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph No. 7, and therefore, leaves Plaintiff to her proof.

8. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph No. 8, and therefore, leaves Plaintiff to her proof.

9. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph No. 9, and therefore, leaves Plaintiff to her proof.

10. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph No. 10, and therefore, leaves Plaintiff to her proof.

11. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph No. 11, and therefore, leaves Plaintiff to her proof.

12. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph No. 12, and therefore, leaves Plaintiff to her proof.

13. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph No. 13, and therefore, leaves Plaintiff to her proof.

14. Defendant denies the allegations in Paragraph No. 14.

15. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph No. 15, and therefore, leaves Plaintiff to her proof.

16. Defendant admits so much of Paragraph No. 16 as alleges that Ms. Wilken asked Plaintiff why she had inquired about Goodwin College's Title IX Coordinator.  Except as so admitted, Defendant denies the allegations of Paragraph No. 16.

17. Defendant admits so much of Paragraph No. 17 as alleges that Ms. Wilken assumed Plaintiff inquired about Goodwin College's Title IX Coordinator for a reason.  Defendant lacks knowledge sufficient to form a belief as to any remaining allegations asserted in Paragraph No. 17, and therefore, leaves Plaintiff to her proof.

18. Defendant admits that Plaintiff reported what a student had allegedly told her in response to Ms. Wilken's inquiry.  Defendant lacks knowledge sufficient to form a belief as to

whether "Plaintiff explained what she had learned from the student," and therefore, leaves Plaintiff to her proof.

19. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph No. 19, and therefore, leaves Plaintiff to her proof.

20. Defendant admits the allegations in Paragraph No. 20.

21. Defendant admits that "Plaintiff met with Jean McGill, Defendant's Head of Human Resources." Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph No. 21, and therefore, leaves Plaintiff to her proof.

22. Defendant admits so much of Paragraph No. 22 as alleges that Ms. McGill reminded Plaintiff of her obligations as a responsible employee under Title IX, including, without limitation, her obligation to provide sufficient information that would enable Goodwin College to conduct an appropriate investigation. Except as so admitted, the allegations of Paragraph No. 22 are denied.

23. Defendant admits the allegations in Paragraph No. 23.

24. Defendant denies the allegations in Paragraph No. 24.

25. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph No. 25, and therefore, leaves Plaintiff to her burden of proof.

26. Defendant denies the allegations in Paragraph No. 26.

27. Defendant admits the allegations in Paragraph No. 27.

28. Defendant admits so much of Paragraph No. 28 as alleges that Plaintiff was reminded of her obligations as a responsible employee under Title IX including, without limitation, her obligation to provide sufficient information that would enable Goodwin College to conduct an appropriate investigation. Except as so admitted, the allegations of Paragraph No. 28 are denied.

29. Defendant admits the allegations of Paragraph No. 29.

30. Defendant denies the allegations in Paragraph No. 30.

31. Defendant denies the allegations in Paragraph No. 31.

32. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph No. 32, and therefore, leaves Plaintiff to her burden of proof.

33. Defendant denies the allegations in Paragraph No. 33.

34. Defendant admits that Plaintiff's employment was terminated on July 11, 2019. Defendant denies the remaining allegations of Paragraph No. 34.

**FIRST COUNT:**   **Alleging Retaliation in Violation of Title IX, 20 U.S.C. § 1681** *et seq.*

1. Defendant repeats its responses to Paragraphs 1 through 34 above as if fully set forth herein.

35. Defendant denies the allegations in Paragraph No. 35.

36. Defendant denies the allegations in Paragraph No. 36.

37. Defendant denies the allegations in Paragraph No. 37.

38. Defendant denies the allegations in Paragraph No. 38.

39. Defendant denies the allegations in Paragraph No. 39.

**SECOND COUNT:**   **Alleging Wrongful Termination in Violation of Conn. Gen. Stat. § 31-51q.**

1. Defendant repeats its responses to Paragraphs 1 through 34 above as if fully set forth herein.

35. Defendant denies the allegations in Paragraph No. 35 of Count Two.

36. Defendant denies the allegations in Paragraph No. 36 of Count Two.

37. Defendant denies the allegations in Paragraph No. 37 of Count Two.

38. Defendant denies the allegations in Paragraph No. 38 of Count Two.

39. Defendant denies the allegations in Paragraph No. 39 of Count Two.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief sought.

## BY WAY OF AFFIRMATIVE DEFENSES[1]

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted as a matter of fact and/or law.

### SECOND AFFIRMATIVE DEFENSE

Even if Plaintiff suffered damages legally attributable to any action by Defendant, which she did not, upon information and belief, Plaintiff's claims for damages are barred or reduced by her failure to mitigate her alleged damages, including by using reasonable diligence to seek and obtain comparable employment elsewhere.

### THIRD AFFIRMATIVE DEFENSE

While denying the material allegations of the claims, to the extent the trier of fact concludes that Defendant was unlawfully motivated, Defendant would have taken the same action even in the absence of any alleged protected conduct.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of punitive damages because Defendant made a good faith effort to enforce its anti-retaliation policy.

---

[1] Defendant asserts these defenses without assuming any burden of production or proof that it would not otherwise have.

\*   \*   \*

Defendant reserves the right to amend its Answer, to add additional or other Defenses, delete or withdraw Defenses, and to add other claims as they may become necessary after reasonable opportunity for discovery.

                          DEFENDANT,
                          GOODWIN COLLEGE, INC.

By:   */s/Beverly W. Garofalo*
        Beverly W. Garofalo (ct 11439)
        Allison P. Dearington (ct29277)
        Jackson Lewis P.C.
        90 Statehouse Square, 8th Floor
        Hartford, CT  06103
        Tel: (860) 522-0404
        Fax: (860) 247-1330
        bevery.garofalo@jacksonlewis.com
        allison.dearington@jacksonlewis.com

## **CERTIFICATION OF SERVICE**

  I hereby certify that on November 12, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing as indicated below.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                */s/ Beverly W. Garofalo*
                Beverly W. Garofalo